# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

STATE OF FLORIDA ex rel., OFFICE OF
FINANCIAL REGULATION,

      Plaintiff,

vs.                                                              Case No. 2:07-cv-566-FtM-34SPC

AMERIFIRST FUNDING, INC., et al.,

      Defendants,

and

HALL FINANCIAL, INC.,

      Relief Defendant.
_____/

## O R D E R[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand Matter to State Court, Motion for Attorney Fees and Costs, and Memorandum of Law (Doc. No. 15; Motion), filed on October 5, 2007. This case was initiated in the Twentieth Judicial Circuit Court, in and for Lee County, Florida, on September 7, 2007. See Verified Complaint for Temporary Injunction and Appointment of a Receiver Without Notice, Permanent Injunction, Order of Restitution, and Other Relief (Doc. No. 2; Complaint). In the Complaint, Plaintiff alleges the following claims against Defendants: Sale of Unregistered Securities, in violation of Florida Statutes section 517.07 (Counts I-III); Sale of Unregistered Securities, in violation of Florida Statutes section 517.12 (Count IV); Securities Fraud, in violation of Florida Statutes section

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

517.301(1)(a) (Count V); and Unjust Enrichment as Custodian of Customer Funds (Count VI). See generally id. On September 7, 2007, Defendant Dennis Bowden, proceeding pro se,[2] filed the Notice of Removal (Doc. No. 1; Notice of Removal), based on an assertion that the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and that removal is proper under 28 U.S.C. § 1441. Notice of Removal at 1.

In the Motion, Plaintiff asserts that removal of this case was improper and requests that the Court remand this action to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida. See Motion at 1-2. Specifically, Plaintiff alleges that the Notice of Removal was untimely filed, does not comply with the unanimity rule, and also that the Court lacks subject matter jurisdiction over this action. See generally id. Plaintiff seeks attorney's fees and costs associated with the improper removal. See id. at 1-2. Although given adequate time in which to do so, none of the Defendants has filed a response in opposition to the Motion.[3]

"Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001) (citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)). The removal of state court actions to federal court "involves both jurisdictional and

---

[2] On September 24, 2007, the Court entered an Order (Doc. No. 9), reminding Mr. Bowden that "a pro se litigant is subject to the same law and rules of the court as a litigant who is represented by counsel, including the Federal Rules of Civil Procedure . . . and the Local Rules of the Middle District of Florida." See Order at 1.

[3] Plaintiff served the Motion on October 5, 2007. See Motion at 13. Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida, a response was required to be served and filed on or before October 25, 2007. As of the date of this Order, a response has not been filed.

-2-

procedural considerations." Lowery v. Ala. Power Co., 483 F.3d 1184, 1194 (11th Cir. 2007) (citing Ariail Drug Co., Inc. v. Recomm Int'l Display, Inc., 122 F.3d 930, 933 (11th Cir. 1997); Monroe v. United Carbon Co., 196 F.2d 455, 456 (5th Cir. 1952)).  In addition to jurisdictional prerequisites, federal law imposes "bright line limitations on federal removal jurisdiction (e.g. the removal bar for in-state defendants and the one year time limit for diversity removals) . . . . Such limitations . . . are an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove." Russell Corp., 264 F.3d at 1050.

The Court turns first to Plaintiff's contention that the removal of this case was improper based on an assertion that the Notice of Removal was filed untimely.  See Motion at 5-7.  The federal statute governing timeliness of removal, 28 U.S.C. § 1446, provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).  The 30-day limit delineated in 28 U.S.C. § 1446(b) is "mandatory and may not be extended by the court."[4]  Liebig v. DeJoy, 814 F. Supp. 1074, 1076 (M.D. Fla. 1993) (citing Maybruck v. Haim, 290 F. Supp. 721 (S.D.N.Y. 1968)).

In the instant case, Defendant asserts that "[t]he citation and petition in this action were served on Dennis W. Bowden on August 6, 2007 . . . [therefore,] [t]his notice of removal

---

[4] Although the 30-day time period may be expressly or impliedly waived by the parties, see Liebig v. DeJoy, 814 F. Supp. 1074, 1076 (M.D. Fla. 1993), Plaintiff has not waived the timeliness requirement as the instant Motion sets forth Plaintiff's objection to the removal of this case based on the untimely filing of the Notice of Removal, see Motion at 5-7.

-3-

is filed withing [sic] thirty days of receipt of this petition and is timely filed under 28 U.S.C. §1446(b)." Notice of Removal at 1. While the Notice of Removal itself is dated September 5, 2007, the Court's review of the docket discloses that the Notice of Removal was not actually filed with this Court until September 7, 2007, 32 days after Defendant Bowden received service of process.[5] Therefore, the Court determines that Mr. Bowden's Notice of Removal was untimely under 28 U.S.C. § 1446(b), and the case is due to be remanded on this basis alone. See Williams v. Heritage Operating, L.P., No. 8:07-cv-977-T-24MSS, 2007 WL 2729652, at *2 (M.D. Fla. Sept. 18, 2007) (finding that a removal petition was untimely where it was filed 35 days after the date on which the removing defendant could first ascertain that the case was or had become removable); Hammond v. Aetna Health, Inc., No. 6:07-cv-139-ORL-28DAB, 2007 WL 853751, at *3 (M.D. Fla. Mar. 19, 2007) (determining that removal was untimely where the removing defendant filed the removal petition 33 days after it received service of the complaint and summons); Liebig, 814 F. Supp. at 1076 (noting that a removal petition was "clearly filed outside of the thirty-day period" where it was filed 38 days after the defendant was served).

As the Court concludes that this action is due to be remanded based upon Defendant Bowden's untimely Notice of Removal, it need not address the remaining arguments presented by Plaintiff in support of the Motion to Remand.[6] Instead, the Court turns to

---

[5] The Court notes the fact that Mr. Bowden is proceeding pro se does not excuse him from complying with the Federal Rules of Civil Procedure and the Local Rules of this Court or the deadlines set forth therein or in an Order of the Court. See Clarke v. Health & Human Servs., No. 05-15698, 180 Fed. Appx. 840, 842 (11th Cir. Apr. 17, 2006) (per curiam) (recognizing that, even though a pro se litigant's complaint is entitled to liberal construction, "liberal construction does not mean liberal deadlines" (internal quotation marks omitted)).

[6] Were the Court to address such arguments, it appears the action likely would be due to be remanded based upon the lack of subject matter jurisdiction.

Plaintiff's request for an award of attorney's fees incurred as a result of the wrongful removal. As previously noted, although given adequate time to do so, Defendant Bowden has not filed a memorandum setting forth an objection to the request for fees contained in the Motion. Upon review of the record, the Court finds that Defendant Bowden has failed to show that he had an objectively reasonable basis for seeking removal. Therefore, the Court concludes that Plaintiff is entitled to an award of attorney's fees and costs associated with the improper removal. See Lost Mountain Homeowners Ass'n, Inc. v. Rice, 248 Fed. Appx. 114, 115 (11th Cir. Sept. 13, 2007) (per curiam) (citing Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.")).

Nonetheless, there is insufficient information before the Court to determine the appropriate amount of attorney's fees and costs to be awarded. Therefore, the Court will remand this case, but retain jurisdiction[7] to determine the amount of fees and costs to be awarded under 28 U.S.C. §1447(c). Plaintiff's request will be taken under advisement pending the submission of a detailed affidavit by Plaintiff in support of its request. See Norman v. Housing Authority of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). In light of the foregoing, it is hereby

---

[7] The Court has jurisdiction to resolve a request for fees and costs under § 1447(c) even after it has remanded the case to state court. See Seraphin v. Parapella, 489 F. Supp. 2d 1354, 1358 (S.D. Fla. 2007); Gonzalez v. J.C. Penney Corp., No. 05-22254-CIV, 2006 WL 4390889, at **2-3 (S.D. Fla. Apr. 10, 2006), aff'd, No. 06-12751, 209 Fed. Appx. 867, 868, 870 (11th Cir. Oct. 20, 2006).

**ORDERED**:

1. Plaintiff's Motion to Remand Matter to State Court, Motion for Attorney Fees and Costs, and Memorandum of Law (Doc. No. 15; Motion) is **GRANTED, in part, and TAKEN UNDER ADVISEMENT, in part**.

2. The Clerk of the Court is directed to remand this case to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

3. This Court retains jurisdiction for the limited purpose of determining the amount of attorney's fees and costs to be awarded pursuant to 28 U.S.C. § 1447(c), and the Amended Motion is taken under advisement for that purpose.

4. Plaintiff shall have up to and including **May 30, 2008**, to file a detailed affidavit in support of its request for fees and costs.

5. Defendant Bowden shall respond to the affidavit no later than **June 16, 2008**.

**DONE AND ORDERED** at Fort Myers, Florida this  21st  day of May, 2008.

MARCIA MORALES HOWARD
United States District Judge

lc5
Copies to:
Counsel of Record
Clerk of Court
Twentieth Judicial Circuit in and for Lee County